**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> DOUGLAS ARTHUR JOHNSON, <br><br> Defendant - Appellee. | No. 13-10320 <br><br> D.C. No. 2:11 cr-0429- JAM-5 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

The government appeals from the district court's order dismissing the September 29, 2011, indictment against defendant Douglas Johnson. The district court found that the government entered into a non-prosecution agreement with Johnson, predating the September indictment, and that it would therefore be

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

fundamentally unfair to allow the case to proceed. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm the dismissal.

"Because this is a claimed immunity agreement, ordinary contract principles apply." *United States v. Wilson*, 392 F.3d 1055, 1059 (9th Cir. 2004). As a result, we review the trial court's factual determinations and "determinations relating to formation of an enforceable agreement" for clear error. *Id.*; *see also Collins v. Thompson*, 679 F.2d 168, 170 (9th Cir. 1982). "The clear error standard is highly deferential and is only met when the reviewing court is left with a definite and firm conviction that a mistake has been committed." *United States v. Silva*, 714 F.3d 1168, 1172 (9th Cir. 2013). Otherwise, the district court's findings of fact and credibility determinations should be left undisturbed. *United States v. Krasn*, 614 F.2d 1229, 1233 (9th Cir. 1980).

"As a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected" so long as the agent was authorized to make the promise, and the defendant relied on the promise to his detriment. *Johnson v. Lumpkin*, 769 F.2d 630, 633 (9th Cir. 1985); *United States v. Hudson*, 609 F.2d 1326, 1329 (9th Cir. 1979).

Because a non-prosecution agreement is governed by contract-law standards, "[w]hat the parties agreed to . . . is a question of fact." *United States v. Arnett*, 628

-2-

F.2d 1162, 1164 (9th Cir. 1979). "Resolution of the good-faith disputes over the terms of an agreement should be made by the district court, to whom the plea was originally submitted, on the basis of adequate evidence." *Id.* at 1164. Here, the district court determined that the parties entered into a non-prosecution agreement based on a number of factors, including: (1) AUSA Flynn's representation to Defendant Johnson that he should "just tell the truth and everything will be ok"; (2) "prior interactions," including repeated assurances that Johnson was not a target; (3) both parties' understanding at the time of Johnson's grand jury testimony that he would not be prosecuted; and (4) an explicit non-prosecution agreement with a second defendant who Flynn saw "in the same light" as Johnson, who was afforded the benefit of his agreement due to the diligence of his lawyer. Based on the totality of the circumstances, this evidence was sufficient to support the district court's finding that a non-prosecution agreement was formed between AUSA Flynn and Johnson prior to his September indictment. That finding was not clearly erroneous.

Just before entering the Grand Jury room Johnson was told by AUSA Flynn that he "was not a target of the investigation, and to just tell the truth and everything would be okay." In reliance on this agreement, Johnson testified truthfully before the grand jury. In doing so, he waived his Fifth and Sixth

-3-

Amendment rights, exposing himself to criminal liability through his testimony. "When the government promises not to prosecute a witness in exchange for his cooperation, it cannot then indict the witness unless it proves that he failed to cooperate." *United States v. Mark*, No. 13-10579, 2015 WL 4591866, at *1 (9th Cir. July 31, 2015). Because Flynn was authorized to make the agreement with Johnson and Johnson detrimentally relied on that agreement in his testimony, fundamental fairness required the government to fulfill its promise to refrain from prosecution. *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The judgment of the district court is

**AFFIRMED.**